Brinkerhoee, C.J.
The first section of the twelfth article of the constitution provides, that “ the levying of taxes by the poll is grievous and oppressive; therefore, the general assembly shall never levy a poll tax for county or state purposes.”
The first section of the ninth article provides, that “all white male citizens of this state, being eighteen years of age, and under the age of forty-five years, shall be enrolled in the militia and perform military duty in such manner, not incompatible with the constitution and laws of the United States, as may be prescribed by law. ”
By the section last above named, it is made the duty of all persons therein designated “to perform military duty;” and a full discretion, limited only by the “ constitution and laws of the United States,” is given to the general assembly to prescribe the “ manner ” in which that duty shall be performed,, and in the choice of means to enforce its performance.
The first section cf the act of March 31,1864, “ to organ *322 ize and discipline the militia of Ohio,” etc., 61 O. L. 110, provides, “that all white male citizens, residents of this state, being eighteen years of age, and under the age of forty-five years, shall be enrolled in- the militia, and perform military duty in such manner, not incompatible with the constitution and laws of the United States, as hereinafter prescribed.” And the fourth section prescribes, that “ all persons who are subject to military duty under the provisions of this act, and are not now members of some volunteer organization, shall either become members of some volunteer organization, or shall pay into the county treasury annually, the sum of four dollars, which sum shall be a commutation for fines and penalties for neglect to-perform military service, except under calls to prevent or repel invasion, or suppress insurrection.”
This act contains, in all, eighty-six sections, and provides for the organizing, arming, uniforming, equipment, and drill of the active militia of the state, to be composed of volunteer organizations; for exemptions, and for fines and penalties for neglect or non-performance of duty by its members, etc. And the eighth section provides, that “ all moneys collected by the auditors of the respective counties under the provisions of this act, shall be paid into the county treasury, which shall, together with the aforesaid commutation money, paid into the county treasury, and fines and penalties collected under this act, constitute the military fund of the county; and no money .shall be drawn therefrom except for the benefit of the volun•teer force of the county, on the warrant of the county auditor, on the certificate of the ranking military officer of the ■county, approved by the adjutant general, or as may hereafter ibe provided in special cases.”
We are of opinion that the commutation money named in ■the fourth section of the act is not, in any sense, a tax. The .primary requirement of that section is personal military service in a volunteer organization. A requirement of personal ■service is not the imposition of a tax; Overseers of Armenia v. Overseers of Stanford, 6 J. R. 92.
The general assembly in its ample discretion as to the *323 “ manner” in -which military duty shall be performed, has seen proper primarily to require its performance in a volunteer organization; and not as a burden, but for the ease and benefit of the citizen liable to military duty, leaves him the option .either to conform to that requirement, or to pay four dollars annually, “ which sum shall be a commutation for fines and penalties for neglect to perform military services.” And the fund realized from commutations, fines and penalties, is wholly devoted .to military purposes, and to the promotion of the efficiency of the militia of the state.
The legislature having power to impose fines and penalties as a means of enforcing the performance of military duty, it has power to fix their amount, and to prescribe a sum for which they may be commuted. Under the statute, no one can be subjected to the payment of this commutation money except by his own voluntary choice as an alternative for personal service ; and it is no more a tax than is any other fine or penalty imposed for the non-performance of a legal duty. It is only a means or instrumentality by which the legislature enforces,, to the extent deemed necessary, the performance of the military duty enjoined by the constitution.
The allegations of the plaintiff below in his petition, that he had not been called on to render military service, and that he had always been willing to render such service, are not well pleaded. The first is contradicted by the statute, and the second by the specific admissions of his petition.
The judgment of the court of common pleas will be reversed, the demurrer to the petition below will be sustained, the injunction will be dissolved and the petition below dismissed,
Scott, Hay, White, and Welch, JJ., concurred.